## H. W. Sisson, trading as H. W. Sisson & Company, Plaintiff in Error, v. I. V. Whiting, Administrator, Defendant in Error.

### Gen. No. 20,750.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Hosea W. Wells, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed May 25, 1915.

### Statement of the Case.

Action by H. W. Sisson, trading as H. W. Sisson & Company, plaintiff, against I. V. Whiting, administrator of the estate of Charles Whiting, deceased, defendant, for commissions as real estate broker in

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

bringing about an exchange of properties between Charles Whiting and one Hecht.

The claim was presented on the theory of either an express or an implied contract.

Whiting died during the pendency of the suit and neither his nor Sisson's versions of any personal interviews or arrangements they may have had in connection with the deal on which the latter claimed commissions could be shown.

Plaintiff's proof consisted of (1) correspondence between the parties relative to a previous transaction had prior to the negotiations in question; (2) proof as to the time when Whiting and Hecht listed their respective properties with plaintiff; and (3) the testimony of Hecht as to certain conversations with Whiting in the nature of admissions.

By such correspondence plaintiff sought to show that Whiting paid him a commission on the previous transaction and knew of Sisson's custom to charge commissions to both parties in such a transaction. Defendant urged that such correspondence was not only irrelevant, but that it showed that Whiting disputed Sisson's right to a commission on said previous transaction and that he never paid him one. He also urged that whatever it might show as to Sisson's custom to charge double commissions in such transactions, it did not establish proof of a custom as known in law.

As to the listing of the properties of Whiting and Hecht with plaintiff, the testimony was indefinite. There was no direct evidence as to the terms upon or the purpose for which Whiting's property was listed, Russell, Sisson's employee, said he noted Whiting's property on a card about December 20, 1909. Hecht said he listed his property for exchange with Sisson about February 1, 1910. A letter in evidence from Whiting to Sisson, dated December 9, 1909, and purporting to be a reply to a letter from Sisson relative to the properties, indicated that the exchange of said proper-

ties was the subject of consideration before that time. Neither said letter nor any other evidence indicated what were the precise relations between the parties to the transaction in question, either before or subsequent to that time,—whether Sisson was acting as agent for Hecht or for Whiting, or as a broker to bring them together. The letter was consistent with any one of these relations. While Russell testified that he listed Whiting's property, he stated that he did so on information obtained from Sisson, and that he heard no conversation between the latter and Whiting.

The only other relevant evidence bearing on the subject was a conversation with Whiting testified to by Hecht, who testified that in the course of negotiations Whiting offered him three houses and that when Hecht said he wanted four, Whiting replied, "I am going to turn the other one over to Mr. Sisson as his commission," and that Sisson then laughed and said he did not want real estate but would have to have cash for his commission; and that when the deal was closed, Whiting said to him, "I will have to pay 5% commission on my end of this deal."

The case was heard by the court without a jury and judgment was rendered in favor of defendant.

To reverse this judgment, plaintiff prosecutes this writ of error.

Arthur C. Bachrach and Oscar Blumenthal, for plaintiff in error.

Cavender, Kaiser & Wermuth, for defendant in error.

Mr. Presiding Justice Barnes delivered the opinion of the court.

## Abstract of the Decision.

1. BROKERS, § 91*—*when evidence of previous transactions insufficient to show right to double commissions.* In an action to recover commissions as broker on an exchange of properties, correspondence between the parties relative to a previous transaction prior to the one in suit is irrelevant and insufficient to establish proof of a custom known in law to entitle plaintiff to double commissions, where it tends to show that defendant disputed plaintiff's right to a commission on such previous transaction.

2. BROKERS, § 7*—*when evidence insufficient to show listing.* Evidence in an action by a broker for commissions on the exchange of real estate, examined and *held* insufficient to show a listing of the property with plaintiff.

3. BROKERS, § 27*—*when commissions may be collected from both parties.* The rule that a broker may collect a commission from both parties to a real estate transaction where he is not called upon to exercise his judgment or discretion, but is employed merely to find a purchaser on his employer's terms and to bring the parties together on such terms, cannot be applied in an action for commissions in the absence of proof in the record to disclose the nature of the agreement or character of the relation between plaintiff and defendant.